UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. GARY SHANSBY,<br>　　　　Plaintiff,<br>　v.<br>EDRINGTON, USA, INC., et al.,<br>　　　　Defendants. | Case No. 22-cv-06907-JSC<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 21 |

Edrington, USA moves to file certain documents under seal in connection with its motion to compel arbitration. (Dkt. No. 21.) A party seeking to seal a document filed in conjunction with a motion related to the merits of a case must overcome the "strong presumption in favor of public access" to judicial records by meeting the "compelling reasons" standard. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1171, 1178-79 (9th Cir. 2006) (noting that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1098, 1101 (9th Cir. 2016) (noting that the "compelling reasons" test applies "to most judicial records," including documents attached to nondispositive motions that are "more than tangentially related to the merits of a case") (internal quotation marks and citation omitted); *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 8200602, at *2 (N.D. Cal. May 30, 2019) (applying "compelling reasons" standard to motion to compel arbitration). The requesting party "must articulate[ ] compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (alteration in original) (internal quotation marks and citations omitted).

1    A party seeking to seal documents must also comply with the Civil Local Rules, which
2    provide that sealing is appropriate only where the requesting party "establishes that the document,
3    or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection
4    under the law." N.D. Cal. Civ. L.R. 79-5(b). Further, parties must "narrowly tailor" their requests
5    only to the sealable material and redact documents accordingly. N.D. Cal. Civ. L.R. 79-5(d).

6    Edrington's administrative motion does not meet these standards.  It seeks to seal in its
7    entirety an agreement, including the very arbitration provision on which its motion is premised.
8    Such broad sealing hides from the memorandum in support of the motion to compel arbitration the
9    very language on which Edrington relies. Edrington has even proposed to redact the names of the
10   signatories to the agreement on which it relies. Yet, it offers no evidence that the arbitration
11   provision, or the name of the persons signing the agreement or other standard agreement
12   provisions are entitled to protection under the law.  Similarly, it offers no evidence that the third
13   party purchaser of Tequila Partida is confidential; yet it seeks to redact that name from the
14   memorandum.  *See* https://www.thespiritsbusiness.com/2022/02/lucas-bols-buys-tequila-partida-for-10m/.

16   Accordingly, the motion to file under seal is DENIED without prejudice.  Edrington may
17   resubmit its motion in accordance with Civil Local Rule 79-5 on or before March 3, 2023.
18   This Order disposes of Docket No. 21.
19   **IT IS SO ORDERED.**

20   Dated: February 28, 2023

JACQUELINE SCOTT CORLEY
United States District Judge